IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  05-cv-0035-ZLW-PAC

RICKY LEE SCHEIERMAN,

      Plaintiff,

v.

SAN LUIS & RIO GRANDE RAILROAD, INC.,
Delaware corporation,

      Defendant

and Consolidated Civil Action No. 05-Z-0036-ZLW-PAC

CARL TOUSIGNAUT, JR.,

      Plaintiff,

v.

SAN LUIS & RIO GRANDE RAILROAD, INC.,
a Delaware corporation,

      Defendant.

---

ORDER

---

The matters before the Court are Plaintiffs' Motion To Strike Expert Witness

[Egan] and Plaintiffs' Motion To Strike Expert Witness [Morris].  In these consolidated

cases, Plaintiffs claim that they were seriously injured when a train on which they were

working derailed.  The present motions concern Defendant's attempts to disclose

experts who will opine as to Plaintiffs' alleged negligent operation of the train.

The Amended Scheduling Order set forth a July 15, 2005, deadline for designating expert witnesses in this action.  On July 14, 2005, Defendant served a Rule 26(a)(2) expert witness disclosure identifying Randall Morris of Rail Sciences, Inc. (Rail Sciences) as an expert who may testify at trial "in general accord with his report, dated March 30, 2004, attached hereto as Exhibit 1-D . . . ."[1]  The attached report (the Rail Sciences Report) was unsigned, but indicated on its title page that it was issued by Rail Sciences.  On September 9, 2005, almost two months after the expert disclosure deadline had passed, Defendant served a supplemental expert witness disclosure identifying Warren Egan, also of Rail Sciences, as an expert who may testify at trial "regarding the computerized simulation analysis performed on the speed tape as discussed in the report of Rail Sciences Inc. dated March 30, 2004 attached hereto as Exhibit 2-D . . . ."[2]  The report submitted with the Egan disclosure was the very same report that had been submitted with the Morris disclosure.  Again, it was unsigned, indicating only that it had been issued by Rail Sciences.

During his October 26, 2005, deposition, Morris testified that he did not write the Rail Sciences Report or assist in its preparation, and in fact has not written any report at all in connection with this action.[3]  He testified that he did, however, understand and

---

[1]Plaintiffs Motion To Strike Expert Witness [Egan], Ex. A.

[2]Id., Ex. B.

[3]Objections To Ruling Of Magistrate Judge Regarding Expert Witnesses Morris And Egan, Ex. H at 25, 27, 34, 45.

agree with the Rail Sciences Report and could testify in accordance with it.[4]  Morris

initially testified that he has not adopted any report as his own in this action, but later

reversed course and testified that he adopts the opinions in the Rail Sciences Report

as his own.[5]  Morris testified that he was sure that it was Egan who authored the Rail

Sciences Report, because Egan told him so, though some of the writing could have

been done by others at Egan's direction.[6]  The first time that Morris received materials

concerning this case, which included the already-completed Rail Sciences Report, was

in February or March of 2005.[7]

On October 26, 2005, the same day that Morris was deposed, Defendant moved

to strike Egan on the grounds that Egan's disclosure was untimely and that the report

accompanying Egan's disclosure was unsigned and appeared not to have been

authored by him, in violation of Fed. R. Civ. P. 26(a)(2)(B).  Then, on November 7,

2005, Plaintiffs filed a motion to strike Morris because Defendant had submitted no

report written by Morris, and requested sanctions for the costs and fees incurred in

deposing Morris.  Egan has not been deposed.  Trial is set for January 16, 2007, and

all depositions must be completed by March 15, 2006.[8]

---

[4]Id. Ex. H at 34, 49-50.

[5]Id. Ex. H at 27, 49.

[6]Id. Ex. H at 25-26, 32, 34-35.

[7]Id. Ex. H at 30.

[8]See January 26, 2006, Hearing Minutes (Doc. No. 129).

On December 8, 2005, after a hearing on both motions to strike, Magistrate

Judge Patricia A. Coan granted Plaintiffs' motion to strike Egan and issued a

Recommendation that the motion to strike Morris also be granted.  The Magistrate

Judge also awarded sanctions to Plaintiffs in connection with the Morris deposition in

an amount to be worked out by the parties.  The Magistrate Judge considered her

ruling concerning Morris to be dispositive, but not her ruling concerning Egan.  The

Court determines that both rulings are potentially dispositive, and therefore will treat

both rulings as Recommendations.  The Court reviews the Recommendations *de novo.*[9]

Pursuant to Fed. R. Civ. P. 26(a)(2), a party's written expert witness disclosure

"shall . . . be accompanied by a written report prepared and signed by the witness.  The

report shall contain a complete statement of all opinions to be expressed and the basis

and reasons therefor . . . ."  "A party that without substantial justification fails to disclose

information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted

to use as evidence at trial . . . any witness or information not so disclosed."[10]  "The

determination of whether a Rule 26(a) violation is justified or harmless is entrusted to

the broad discretion of the district court."[11]  The Court need not make explicit findings

---

[9]28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

[10]Fed. R. Civ. P. 37(c)(1).

[11]Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999), quoting Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996).

as to whether the failure to disclose lacked substantial justification or was harmless, but

should consider the following factors:  "(1) the prejudice or surprise to the party against

whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the

extent to which introducing such testimony would disrupt the trial; and (4) the moving

party's bad faith or willfulness."[12]

Plaintiffs would be unfairly prejudiced if Morris were allowed to testify as an

expert at trial, for he has prepared no expert report.  Plaintiffs are entitled to have in

hand a report that the expert actually developed or at the very least contributed to, not

simply a report prepared entirely by someone else which the witness may or may not

adopt after the fact.  "The report is to disclose the data and other information

considered by the expert and any exhibits or charts that summarize or support the

expert's opinions."[13]  Here, Morris did not consider, and in fact did not even see, any

materials pertaining to this case until after the report had been written.  Though Morris

testified in his deposition that he can tell how the conclusions in the report were

reached by looking at the various supporting materials that he received from

Defendant's counsel,[14] the expert report is intended to be the culmination of the

expert's research, not a beginning point from which the expert works backward, finding

---

[12]Id.

[13]Fed. R. Civ. P. 26 advisory committee's note.

[14]Objections To Ruling Of Magistrate Judge Regarding Expert Witnesses Morris And Egan, Ex. H at 39-40.

the materials to support the conclusions.  Indiana Ins. Co. v. Hussey Seating Co.,[15]

cited by Defendant, differs materially from the present action because, in that case, the

proffered expert had prepared certain portions of the expert report.  Morris prepared

none.  There is no opportunity to cure the prejudice at this point, since it is too late in

the proceedings for Morris to prepare his own expert report.  Allowing Morris to testify

at trial on the basis of an expert report authored by someone else, to which he did not

contribute in any fashion, would be confusing to the jury and unfair to Plaintiffs.

Though there is no specific indication of bad faith or willfulness on the part of

Defendant with respect to the Morris disclosure, Defendant's misrepresentation that the

Rail Sciences Report had been written by Morris was careless at best.  In light of the

factors set forth in Woodworker's Supply, the motion to strike Morris should be granted,

and the Court accepts and adopts the Magistrate Judge's Recommendation that the

motion to strike Morris be granted.  The Court finds that monetary sanctions are

properly awarded in connection with the Morris deposition, and the parties may apply to

the Court if they are unable to work out the appropriate amount between themselves.

        However, the Court disagrees with the Magistrate Judge's conclusions with

regard to Egan.  Egan's technical failure to sign the report which he at least partially

authored is harmless, and does not justify the extreme sanction of striking his

testimony, since Plaintiffs were aware as of October 26, 2005, the date of Morris'

---

[15]176 F.R.D. 291 (S.D. Ind. 1997).

deposition, that Egan apparently had authored the report, of which they had a copy.[16]

Further, any prejudice to Plaintiffs caused by the late disclosure of Egan can be cured

by Plaintiffs taking Egan's deposition now. [17]   Again, the Magistrate Judge has ordered

that depositions be completed by March 15, 2006.   Moreover, any conceivable harm to

Plaintiffs is outweighed by the harm to Defendant if Egan were excluded, since, without

Egan, Defendant's defense and counterclaim based on Plaintiffs' alleged negligence

could be impaired.   A deposition of Egan at Defendant's expense within the next month

will not disrupt the trial, which is eleven months away.[18]   The Court finds no bad faith or

willfulness regarding the defective disclosure of Egan, though there was clear

carelessness.   Because there is no evidence of incurable prejudice or surprise to

Plaintiffs resulting from Defendant's late disclosure of Egan or Egan's failure to sign the

Rail Sciences Report, the Court concludes that the motion to strike Egan should be

denied.

Egan was disclosed to testify "regarding the computerized simulation analysis

performed on the speed tape as discussed in the report of Rail Sciences Inc. . . . ."[19]   In

its objection to the Magistrate Judge's rulings, Defendant reiterated that the "purpose

---

[16]See Roberts v. Galen of Virginia, Inc., 325 F.3d 776, 782-83 (6th Cir. 2003); Marek v. Moore, 171 F.R.D. 298, 288-300 (D. Kan. 1997).

[17]See Summers v. Missouri Pacific Railroad Sys., 132 F.3d 599, 605 (10th Cir. 1997).

[18]On January 26, 2006, the Magistrate Judge ordered that all depositions shall be completed by March 15, 2006.

[19]Plaintiffs Motion To Strike Expert Witness [Egan], Ex. B.

for which Egan was designated" was "to provide foundational testimony regarding the computerized simulation analyses performed on the locomotive speed tapes discussed in the Report."[20]  Thus, while Egan's testimony may encompass some opinion, he may not testify at trial to opinions beyond those regarding "the computerized simulation analysis performed on the speed tape as discussed in the report of Rail Sciences Inc. . . ." since this is the boundary of his disclosure, which Defendant has never sought to supplement or amend.

Accordingly, it is

ORDERED that Defendant's Objections To Ruling Of Magistrate Judge Regarding Expert Witnesses Morris And Egan (Doc. No. 107) are overruled in part and sustained in part.  It is

FURTHER ORDERED that Defendant's objections are overruled as to the Magistrate Judge's Recommendation that Plaintiffs' Motion To Strike Expert Witness [Morris] be granted and as to her award of monetary sanctions to Plaintiffs in connection with the Morris deposition.  It is

FURTHER ORDERED that Plaintiffs' Motion To Strike Expert Witness [Morris] (Doc. No. 89) is granted, and sanctions are awarded to Plaintiffs in connection with the Morris deposition, with the parties to resolve the issue of the proper amount of

---

[20]Objections To Ruling Of Magistrate Judge Regarding Expert Witnesses Morris And Egan at 14.

reimbursement and to file a motion with the Court if they are unable to agree to an amount.  It is

FURTHER ORDERED that Defendant's objections are sustained as to the Magistrate Judge's Order granting Plaintiffs' Motion To Strike Expert Witness [Egan], which the Court treats as a Recommendation pursuant to Fed. R. Civ. P. 72(b).  It is

FURTHER ORDERED that Plaintiffs' Motion To Strike Expert Witness [Egan] (Doc. No. 82) is denied.  It is

FURTHER ORDERED that Plaintiffs' counsel may take the deposition of Warren Egan, at Defendant's expense, on or before March 15, 2006.

DATED at Denver, Colorado, this __10__ day of February, 2006.

BY THE COURT:

_____

ZITA L. WEINSHIENK, Senior Judge
United States District Court